IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-72-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JIMMY PATTERSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On July 18, 2011, pursuant to a written plea agreement, Jimmy Patterson, Jr. ("Patterson") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) (count one), and possession of a firearm in furtherance of a drug trafficking crime (count two). See [D.E. 27, 29]. On February 17, 2012, the court held Patterson's sentencing hearing. See [D.E. 39, 41]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Patterson's offense level to be 38, his criminal history category to be IV, and his advisory guideline range on count one to be 324 to 405 months' imprisonment. See [D.E. 41, 42]. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Patterson to 138 months' imprisonment on count one, and 60 months' consecutive imprisonment on count two. See [D.E. 41]. Patterson did not appeal.

On February 22, 2016, Patterson moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 45]. Patterson's new advisory guideline range on count one is 262 to 327 months' imprisonment, based on a total offense level of 36 and a criminal history category of IV. See Resentencing Report. Patterson requests a 120-month

sentence on count one. See id.; [D.E. 45]. On March 1, 2016, the government responded. See [D.E. 46].

The court has discretion under Amendment 782 to reduce Patterson's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Patterson's sentence, the court finds that Patterson engaged in serious criminal behavior. See PSR ¶¶ 7–12. Moreover, Patterson is a recidivist and has convictions for communicating threats, possession with intent to sell and deliver cocaine (two counts), sale and delivery of cocaine (two counts), and driving while impaired. See PSR ¶¶ 15–21. Patterson has also performed poorly on supervision, and has a spotty work history. See id. ¶¶ 18, 24, 37–41. Nonetheless, Patterson has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Patterson received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Patterson's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Patterson's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-

2

Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Patterson's motion for reduction of sentence [D.E. 45].

SO ORDERED. This 16 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge